McGURK (UNITED STATES v.). See Case No. 15,680.

---

## Case No. 8,819.

### In re MACHADO.

[3 Ben. 131; 2 N. B. R. 352 (Quarto, 113); 1 Chi. Leg. News. 163; 2 Am. Law T. Rep. Bankr. 53.] [1]

District Court, S. D. New York. Jan. 20, 1869.

BANKRUPT'S OATH—WITHDRAWAL OF OPPOSITION.

Where, after a bankrupt had taken the oath required by the 29th section of the bankruptcy act [of 1867 (14 Stat. 531)], a creditor filed specifications of opposition to his discharge, alleging, among other things, wilful false swearing in the affidavits annexed to the petition and schedules, and afterwards withdrew his appearance in op-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 2 Am. Law T. Rep. Bankr. 53, and 1 Chi. Leg. News, 163, contain only partial reports.]

position and the specifications: *Held*, that the oath of the bankrupt, under that section, ought to be taken anew, after such withdrawal.

[In the matter of John A. Machado, a bankrupt.]

A. W. Speir, for petitioner.

BLATCHFORD, District Judge. In this case, the oath of the bankrupt required by the 29th section of the act was subscribed and taken on the 3d of December, 1868. Specifications in opposition to his discharge were filed on the 4th of January, 1869, by a creditor, alleging, among other things, wilful false swearing in the affidavits annexed to his petition and schedules, in certain particulars. The case then came before me and was ordered to stand for hearing on the specifications, with leave to take testimony. On the 19th of January, 1869, the creditor withdrew in writing his appearance in opposition and the specifications. No new oath of the bankrupt under section 29 is presented. I think, in view of the fact that the 29th section specifies as a ground for withholding a discharge, that the bankrupt, or some person in his behalf, has procured the assent of a creditor to the discharge, or influenced the action of a creditor, at some stage of the proceedings, by a pecuniary consideration or obligation, and that the same ground is made, by section 34, a ground for setting aside and annulling the discharge after it is granted, that, in this case, and in all cases where specifications such as those in this case are put in and are afterwards withdrawn, the oath of the bankrupt required by section 29 ought to be subscribed and taken after the withdrawal. A decision in this case is, therefore, suspended, to allow the defect to be supplied.